UNITED STATES of America, Plaintiff–Appellee,

v.

Bobby Lee HOPPER, Defendant–Appellant.

No. 93–10183.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 1994.*

Decided June 15, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Mace J. Yampolsky, Las Vegas, NV, for defendant-appellant.

J. Gregory Damm, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.

Opinion by Judge T.G. NELSON.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Bobby Lee Hopper (Hopper) appeals his sentence following a plea of guilty to several counts of an indictment charging various federal crimes arising from two robberies of the Stardust Casino in Las Vegas, Nevada. We are asked to decide whether the district court erred in denying his request for an additional one-level offense reduction for acceptance of responsibility pursuant to

U.S.S.G. § 3E1.1(b). Also, Hopper contests the offense enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, contending where a defendant receives a two-level offense reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), it is not appropriate to increase the offense level for obstruction of justice. We affirm.

## FACTS

In September 1991, Hopper's father, Royal Mayne Hopper (Royal), was employed as a security guard at the Stardust Casino in Las Vegas, Nevada. Hopper and Royal planned to rob the Stardust using Royal's knowledge of the Stardust's security procedures, physical layout and movement of currency. In the early morning hours of September 25, 1991, Royal was escorting a coworker who was transferring money. Hopper entered the Stardust armed with a .45 caliber semi-automatic pistol and forced the coworker, who was unaware of Royal's complicity in the robbery, to hand over $153,000. Hopper then fled the scene in a taxi, while Royal contacted security to report the robbery.

After the first robbery, Hopper and Royal planned to commit another robbery by holding up a Loomis armored guard at the Stardust. They recruited other participants to assist them in the second robbery including Hopper's brother, Jeffrey Hopper (Jeffrey), and Wesley E. Carroll (Carroll). After two aborted attempts, a second successful robbery occurred on April 6, 1992. Jeffrey diverted security's attention by calling security and falsely reporting a fight occurring at the swimming pool. Meanwhile, Hopper and Carroll entered the Stardust disguised in beards and wigs and armed with guns. They waited for the Loomis guard, and when he arrived, they lit smoke bombs to create a screen between the gambling area and the Loomis guard. Hopper and Carroll knocked the guard to the floor and took three bags of money, containing approximately $489,000 in cash and $627,000 in negotiable instruments. Carroll also grabbed the guard's gun which Royal later buried in the desert. Hopper and Carroll then fled the Stardust in a vehicle driven by Royal. While still in the Stardust parking lot, all three men climbed over a wall into an adjacent hotel parking lot, getting into a second vehicle. After driving to another hotel parking lot, they again changed vehicles.

On April 8, 1992, following leads involving the various vehicles used during the robbery, the police arrested Royal in Las Vegas. The other participants, upon hearing of Royal's arrest, began making efforts to establish false alibis and hide evidence. Hopper and Jeffrey burned the negotiable instruments obtained and the disguises used in the robbery. The day after Royal's arrest, Hopper attempted to buy a false alibi for $20,000, and he hid robbery proceeds in a storage unit, later moving them to another unit.

Hopper was indicted for various federal crimes. His trial was scheduled for January 4, 1993. On December 16, 1992, he pled guilty to conspiracy, 18 U.S.C. § 371; interference with commerce by violence, 18 U.S.C. § 1951; use of a deadly weapon in a crime of violence, 18 U.S.C. § 924(c); and interstate transportation of stolen property, 18 U.S.C. § 2314. Finally, on December 30, 1992, he disclosed information on the robberies to the FBI.

Hopper was sentenced on March 3, 1993, under the 1992 version of the Sentencing Guidelines. The district court granted him a two-level offense reduction for acceptance of responsibility pursuant to § 3E1.1(a), but denied his request for an additional one-level offense reduction under § 3E1.1(b) because it found Hopper's acceptance of responsibility to be untimely. Also, the district court enhanced Hopper's offense level by two-levels for obstruction of justice pursuant to § 3C1.1. Hopper appeals.

## DISCUSSION

### A. *Standard of Review*

▮ We review the district court's decision that a case is an extraordinary case justifying a simultaneous adjustment for obstruction of justice and acceptance of responsibility for clear error. *See United States v. Lato,* 934 F.2d 1080, 1083 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991). Acceptance of responsibility under § 3E1.1 is a factual determina-

tion which we review for clear error. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990). The sentencing judge is entitled to great deference because he "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 comment. (n. 5). Accordingly, we review the district court's withholding of an additional one-level reduction under § 3E1.1(b) for clear error. *See United States v. Donovan*, 996 F.2d 1343, 1343–44 (1st Cir.1993); *United States v. Schau*, 1 F.3d 729, 731 (8th Cir.1993).

## B. *Obstruction of Justice*

The district court enhanced Hopper's offense level by two levels for obstruction of justice under § 3C1.1 [1] because he burned evidence and attempted to buy false alibis after hearing Royal had been arrested. Hopper argues the district court erred because it relied on unsworn testimony to conclude he obstructed justice and because an increase in the offense level for obstruction of justice under § 3C1.1 and a decrease for acceptance of responsibility under § 3E1.1(a) [2] are incompatible. We disagree.

At the sentencing hearing, the prosecution offered unsworn statements indicating Hopper had attempted to purchase false alibis and had burned evidence. Hopper admitted to this obstructive conduct by signing a Plea Memorandum which expressly stated that he burned evidence and attempted to buy false alibis. The district court did not indicate if it relied on the unsworn statements to conclude Hopper had obstructed justice. However, in the event the district court considered the unsworn statements, we conclude it did not err.

As a general rule, "[i]n determining the relevant facts, sentencing judges are not restricted to evidence that would be admissible at trial." *United States v. Burns*, 894 F.2d 334, 337 (9th Cir.1990); *see also Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir.)

("[A] sentencing judge has broad discretion to hear a variety of evidence normally inadmissible during trial."), *cert. denied*, 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989). An exception to this general rule is that inadmissible evidence cannot be considered if it lacks "sufficient indicia of reliability to support its probable accuracy." *Burns*, 894 F.2d at 337 (quotation omitted). However, Hopper failed to object on these grounds. By failing to object to the accuracy and reliability of the evidence, Hopper waived the issue on appeal. *See United States v. Livingston*, 936 F.2d 333, 335 (7th Cir.1991) (failure to object to the facts considered in sentencing resulted in waiver of issue on appeal), *cert. denied*, —— U.S. ——, 112 S.Ct. 884, 116 L.Ed.2d 787 (1992). Moreover, Hopper signed a Plea Memorandum which stated he burned evidence and attempted to buy false alibis. This admission alone is sufficient for the district court to grant an increase for obstruction of justice.

Hopper relies on *United States v. Avila*, 905 F.2d 295 (9th Cir.1990), for the proposition that an increase in his offense level for obstruction of justice is incompatible with a decrease for acceptance of responsibility. In *Avila*, we held Application Note 4 of § 3E1.1 precluded simultaneous adjustments for obstruction of justice and acceptance of responsibility. *Id.* at 298. However, *Avila* is inapposite because it reviewed a sentence imposed under the 1987 version of the Sentencing Guidelines. Application Note 4 has since been amended to state:

> Conduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. *There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.*

U.S.S.G. § 3E1.1 comment. (n. 4 (emphasis added)). Under the amended version of Application Note 4 applicable at the time Hop-

---

1. U.S.S.G. § 3C1.1 states:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

2. U.S.S.G. § 3E1.1(a) states:
 If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

per was sentenced, in an extraordinary case, a defendant may be entitled to a reduction for acceptance of responsibility even though he has obstructed justice.[3]

Although we have not previously established a standard for determining what is an extraordinary case within the meaning of Application Note 4, we have affirmed the district court's denial of simultaneous adjustments under §§ 3C1.1 and 3E1.1 when the obstructive conduct is not consistent with the defendant's acceptance of responsibility. In *Lato*, 934 F.2d at 1083, we held the district court did not clearly err in finding the case was not an extraordinary case; we noted the "purposeful and methodical way" in which the defendant obstructed justice by attempting to suborn perjury and the insincerity of his expression of remorse. In *United States v. Acuna*, 9 F.3d 1442, 1446 (9th Cir.1993), the defendant, after pleading guilty, testified falsely on behalf of his coconspirators. We found this false testimony to be inconsistent with an acceptance of responsibility, thereby foreclosing the possibility that the case was an extraordinary case. *Id.*

■ Based on our analysis in *Lato* and *Acuna*, we hold the relevant inquiry for determining if a case is an extraordinary case within the meaning of Application Note 4 is whether the defendant's obstructive conduct is *not inconsistent* with the defendant's acceptance of responsibility. Cases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice. *See United States v. Booth*, 996 F.2d 1395, 1396–97 (2d Cir.1993) (defendant told victim not to cooperate with FBI and later confessed); *United States v. Lalle-*

*mand*, 989 F.2d 936, 937–38 (7th Cir.1993) (defendant initially counseled accomplice to destroy evidence and then later confessed and told accomplice not to destroy evidence). In other words, as long as the defendant's acceptance of responsibility is not contradicted by an ongoing attempt to obstruct justice, the case is an extraordinary case within the meaning of Application Note 4 and simultaneous adjustments under §§ 3C1.1 and 3E1.1 are permissible.

■ We also hold that if the district court determines the case is not an extraordinary case, then it is the acceptance of responsibility provision, § 3E1.1, which is inapplicable, while the obstruction of justice provision, § 3C1.1, is to be applied. To conclude a case is not extraordinary, the district court must necessarily find the obstructive conduct is inconsistent with the defendant's acceptance of responsibility. As a result of this inconsistency, the sincerity of the defendant's acceptance of responsibility becomes questionable, and a defendant should never receive an offense level reduction for acceptance of responsibility when there is obstructive conduct contradicting that acceptance of responsibility.

■ Hopper's obstructive conduct of burning evidence and attempting to procure false alibis is not inconsistent with his subsequent confession of guilt and disclosure of information relating to the crime. Hopper's obstructive conduct occurred soon after he discovered his father had been arrested,[4] and although the conduct persisted for a few days, it was not a methodical, continued effort to obstruct justice. Further, Hopper did not feign acceptance of responsibility while continuing obstructive conduct in an attempt to hinder the Government's investigation. Be-

---

**3.** The district court failed expressly to find Hopper's case was an extraordinary case. This failure does not preclude our review of the coexistence of acceptance of responsibility and obstruction of justice. *See United States v. Lamere*, 980 F.2d 506, 510 n. 2 (8th Cir.1992). However, the district court should specifically state the reasons and findings which support its conclusion that the defendant's case is an extraordinary case justifying simultaneous adjustments for obstruction of justice and acceptance of responsibility.

**4.** We have previously rejected consideration of spur of the moment actions prior to arrest as relevant in determining whether an adjustment under § 3E1.1 would be incompatible with an adjustment under § 3C1.1. *See United States v. Lato*, 934 F.2d 1080, 1083 n. 2 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991). Such actions do not demonstrate a concerted, continued effort to obstruct justice which is inconsistent with acceptance of responsibility.

cause Hopper's initial obstructive conduct was not inconsistent with his subsequent acceptance of responsibility, we hold the district court did not err in allowing simultaneous adjustments under §§ 3C1.1 and 3E1.1. Moreover, if the district court were considered to have erred, such an error would have favored Hopper because it is the acceptance of responsibility provision that is inapplicable when the provision for obstruction of justice is implicated and the case is not extraordinary within the meaning of Application Note 4.

### C. *Acceptance of Responsibility*

The district court granted Hopper a two-level reduction under § 3E1.1(a) for acceptance of responsibility, but denied Hopper's request for an additional one-level reduction under § 3E1.1(b) because it found his acceptance of responsibility to be untimely. Hopper argues his request for an additional one-level reduction for acceptance of responsibility cannot be denied based solely on timeliness.

Hopper relies on *United States v. Johnson*, 956 F.2d 894, 904–905 (9th Cir.1992) (concluding defendants who genuinely accepted responsibility by statements made after their convictions were entitled to a two-level reduction), and *United States v. Hill*, 953 F.2d 452, 461 (9th Cir.1991) (refusing to overturn grant of two-level reduction where acceptance occurred after trial), for the proposition that the district court cannot deny a reduction for acceptance of responsibility based solely on timing. However, these cases are inapposite because they address only the timeliness of acceptance of responsibility for a two-level reduction under subsection (a) of § 3E1.1. At issue here is whether Hopper is entitled to an additional one-level reduction under subsection (b) of § 3E1.1, where timeliness is a specific concern.

 Subsection (b) was added to § 3E1.1 by amendment in 1992 and provides:

If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) *timely* providing complete information to the government concerning his own involvement in the offense; *or*

(2) *timely* notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b) (Nov.1992) (emphasis added). With regard to the timeliness element of subsection (b), the commentary to § 3E1.1 states "[t]he *timeliness* of the defendant's acceptance of responsibility is a consideration under both subsections," and "[i]n general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur *particularly early* in the case." U.S.S.G. § 3E1.1, comment. (n. 6 (emphasis added)). Further, it states that if the defendant has accepted responsibility "in a *timely* fashion" which ensures the certainty of his punishment "in a *timely* manner," the defendant's acceptance merits the additional reduction. *See* U.S.S.G. § 3E1.1, comment. (backg'd (emphasis added)). Clearly, timeliness is a crucial consideration in determining whether a defendant is entitled to an additional one-level reduction under subsection (b). The importance of timeliness is particularly evident given the primary purpose in subsection (b) of promoting prosecutorial and judicial economy and efficiency. We hold the district court may properly deny an additional one-level reduction based on a finding that the timeliness element of § 3E1.1(b) was not met.

 Under subsection (b)(1), a defendant must provide the Government with complete information of his involvement in the offense. This complete disclosure must be timely enough to "assist[ ] authorities in the investigation or prosecution" of the defendant's own misconduct. U.S.S.G. § 3E1.1(b). From this language, we conclude the information provided by the defendant should be information regarding the crime which the Government has not yet discovered through

its own investigative efforts. Obviously, if the Government has already discovered the information, a defendant's subsequent disclosure of the same information will not spare the Government in its investigation. *See Schau,* 1 F.3d at 731 (authorities had already discovered stolen money before defendant confessed). However, if the disclosure is timely enough to spare the Government investigation, then the defendant has complied with the primary purpose of subsection (b) of promoting prosecutorial economy.

■ The defendant is entitled to a reduction under subsection (b)(1) even if the information disclosed is otherwise easily discoverable. We recently held that if the defendant's disclosure is timely enough to spare the Government *any* investigation, it fulfills the timeliness element of subsection (b)(1). *See United States v. Stoops,* 25 F.3d 820, 822–23 (9th Cir.1994) (holding timely disclosure does not require information to be otherwise undiscoverable). Also, even though the Government's contemporaneous or subsequent investigation may disclose sufficient evidence such that a prosecution would be possible without the defendant's confession, a confession that is almost contemporaneous with the crime will qualify the defendant for the additional one-level adjustment under subsection (b)(1). *See id.*

■ In order to qualify for an additional one-level reduction under subsection (b)(2), the defendant must notify authorities of his intention to plead guilty early enough to allow "the government to avoid preparing for trial" *and* to permit "the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2). Efficient allocation of court resources includes efficient scheduling of the court's calendar. *See* U.S.S.G. § 3E1.1 comment. (n. 6). In the context of subsection (b)(2), the timeliness of a defendant's decision to plead guilty will necessarily depend on the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date. *See Schau,* 1 F.3d at 731 (Government already prepared for trial before defendant's guilty plea); *Donovan,* 996 F.2d at 1345 (Government realized no benefit from guilty plea occurring

on eve of second trial). If the Government has already spent considerable time and effort preparing for trial and is at least substantially prepared to present its case, then the decision is not timely enough to promote prosecutorial efficiency or economy. Also, the closer the decision to the trial date, the less likely a court can schedule its calendar efficiently. If a decision to plead guilty is likely to result in an empty courtroom because the court has not been given sufficient time to reschedule its calendar, then the defendant has not met subsection (b)'s primary purpose of judicial efficiency. We conclude that if either the prosecution is substantially prepared to present its case or the court has not been given sufficient time to reschedule its calendar, then the defendant is not entitled to an additional one-level reduction under subsection (b)(2).

■ Hopper may qualify for an additional one-level reduction by either fulfilling the requirements of subsection (b)(1) or (b)(2); however, he fails to comply with either subsection. Hopper is not entitled to a reduction under subsection (b)(1) because he did not make a complete disclosure of information until five days before his scheduled trial date. The district court found the information Hopper provided was known to the Government because Jeffrey had already confessed, disclosing the same information. Thus, the Government had already discovered the information through its own investigation, and as a result, Hopper's disclosure did not assist the Government thereby promoting prosecutorial economy as required by subsection (b)(1).

■ Similarly, Hopper is not entitled to a reduction under subsection (b)(2). Hopper entered a guilty plea approximately three weeks prior to his scheduled trial date. At this late date, the prosecution had already spent considerable time and effort in preparing Hopper's case for trial and was substantially prepared to proceed with trial in the event Hopper failed to plead guilty. Because Hopper failed to plead guilty prior to the Government's substantial trial preparation and investigation, we hold the district court did not clearly err in concluding Hopper's

acceptance of responsibility was untimely under subsection (b)(2).

Accordingly, we AFFIRM the sentence imposed.