46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Keith SHOCKEY, a/k/a Charles Keith Mayfield,
Defendant-Appellant.
 No. 94-30168.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Charles Keith Shockey appeals his ninety-two month sentence imposed following the entry of a guilty plea to possession of an unregistered destructive device, in violation of 26 U.S.C. Secs. 5841, 5845(a) and (f), 5861(d), and 5871. Shockey contends that the district court: (1) improperly enhanced his sentence for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1, and (2) erred in failing to reduce his sentence for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 Shockey contends that the district court's enhancement for obstruction of justice was improper because his conduct did not have a material effect on the government's investigative efforts. This contention lacks merit.
 We review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. Sec. 3C1.1. United States v. Draper, 996 F.2d 982, 984 (9th Cir. 1993). We review the underlying factual findings for clear error. Id. The district court is required to increase a defendant's offense level by two levels, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1; Draper, 996 F.2d at 984. The enhancement applies to "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. Sec. 3C1.1, comment. (n.3(e)); see Draper, 996 F.2d at 985-86 (discussing "custody" within meaning of U.S.S.G. Sec. 3C1.1).
 Here, Shockey was arrested and initially placed in the custody of the Pierce County Department of Community Corrections. Subsequently, Shockey was placed in the custody of a drug treatment center until further order of the court. However, Shockey left the center one day after he arrived. Three days later, Shockey was arrested in a park in Tacoma, Washington. At the time, Shockey had a suitcase in his girlfriend's car, a fake identification card, and directions to a trailer in Cle Elum, Washington. In addition, the car had switched license plates.
 The district court did not err in imposing this adjustment because Shockey's conduct constitutes obstruction of justice. See U.S.S.G. Sec. 3C1.1, comment. (n.3(e)); Draper, 996 F.2d at 985-86. Shockey escaped from custody within the meaning of the Guidelines when he walked away from the drug treatment center. See Draper, 996 F.2d at 985-86 (explaining that custody need only involve some degree of official control over defendant such that subsequent evasion amounts to more than avoiding arrest). Furthermore, Shockey's conduct need only have the potential for obstructing the investigation, prosecution, or sentencing of the instant offense. See id. at 986. Accordingly, the district court did not err in imposing the obstruction of justice enhancement. See U.S.S.G. Sec. 3C1.1, comment. (n.3(e)); Draper, 996 F.2d at 986.
 
 
 1
 Shockey contends that the district court erred in refusing to reduce his offense level by three levels because he affirmatively accepted personal responsibility for his criminal conduct under U.S.S.G. Sec. 3E1.1. This contention lacks merit.
 
 
 2
 Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir. 1993). The sentencing judge's evaluation is entitled to great deference on review. Id. "Conduct resulting in an enhancement under Sec. 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1, comment. (n.4); United States v. Hopper, 27 F.3d 378, 383 (9th Cir. 1994) (explaining that extraordinary case arises when defendant initially attempts to conceal crime but eventually accepts responsibility for crime and abandons all attempts to obstruct justice).
 
 
 3
 Here, the district court found that despite Shockey's verbal expression of remorse, his continued drug use and flight from inpatient treatment were inconsistent with an acceptance of responsibility. See U.S.S.G. Sec. 3E1.1, comment. (n.3). Shockey's case is not one of the extraordinary cases in which the court may apply both adjustments for obstruction of justice and acceptance of responsibility. See id.; Hopper, 27 F.3d at 383. Accordingly, the district court did not err in denying an acceptance of responsibility reduction. See Hopper, 27 F.3d at 383 (when defendant's obstructive conduct is inconsistent with defendant's acceptance of responsibility, sincerity of defendant's statement becomes questionable); Acuna, 9 F.3d at 1446.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3