78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Earl ROBERSON, Defendant-Appellant.
 No. 95-5709.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1996.
 
 Before: MERRITT, BROWN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant John Roberson appeals his conviction and sentence for being a felon in possession of a firearm. He argues that the district court erred by denying his motion to suppress the evidence of the firearm, on the ground that he had been the subject of a pretextual traffic stop. Moreover, he asserts that the district court erred by failing to grant him a decrease in the base sentence under the sentencing guidelines. We find no reversible error and affirm.
 
 I.
 
 2
 At the suppression hearing in this case, Magistrate Judge James Allen made several findings of facts, which the district court subsequently adopted. Those findings establish that on July 28, 1993, at approximately 4:00 p.m., Memphis City Police Officers Landrum and Kingery were on routine patrol, driving an unmarked police vehicle. During the ordinary course of traffic, they fell in behind a tan Ford Escort station wagon going south on Danny Thomas Boulevard at Mississippi Boulevard. They noticed that the Escort did not have the registration tag at the appropriate place on the rear bumper, nor was a tag otherwise visible. Officer Landrum testified that the rear window of the car curved at a 45-degree angle and was excessively dirty, so that he could see something in the rear window but could not determine what it was.
 
 
 3
 Because driving without a registration tag is a state law violation, the officers pulled over the Escort. Derrick Hayes was driving and defendant Roberson was seated in the right front passenger seat. Officer Landrum testified he noticed Hayes throw a yellow envelope on the car floor as he stopped and recognized it as similar to envelopes commonly used to hold drugs. As a result, the officers ordered the two occupants out of the car. When Officer Landrum patted down Roberson, he felt a bulge in Roberson's pants pocket that felt like a pistol, so he had Roberson assume a spreadeagle position on the car for a thorough search. The search turned up a .25 caliber gun with a live shell in the chamber and four live shells in the clip.
 
 
 4
 Roberson was charged with a state law violation for possession of a pistol. Hayes was charged for violating state law by improperly displaying his registration tag, which tag was wedged into the space between the rear window and the window molding. Hayes was also charged with possession of marijuana after a substance in the yellow envelope was tested.
 
 
 5
 Hayes testified that the registration tag was deliberately placed inside the rear window. Because it had been stolen on previous occasions, he said, he decided that it would be safer to display the tag inside the car's upper left hand corner of the rear window. Moreover, he stated, nothing obstructed the view of the registration tag from outside the car. Nevertheless, Officer Landrum testified that he could not see the registration tag as he drove behind the Escort.
 
 
 6
 The magistrate judge found "there is no other evidence to justify any inference that these officers were using this as a pretext to pull over this vehicle to search for evidence of a crime. The more reasonable, and it is submitted, the more plausible, view is that these officers were not able to see a registration tag for this vehicle, and reasonably believed that a violation of the law was taking place, justifying them in pulling the Escort over." Hence, the magistrate judge denied the motion to suppress.
 
 
 7
 On appeal, Roberson insists that the police officers claimed that they could not see the registration tag merely as a pretext to pull over the Escort. He does not, however, advance an invalid purpose for the stop. He proposes that "to determine whether a traffic stop was unreasonably pretextual, the court must not ask whether a reasonable officer could have made the stop but rather it should ask whether a reasonable officer, under the same circumstances, would have made the stop in absence of the invalid purpose." The decision Roberson cites as support for this proposition held that the police officer's reason for pulling over the defendant was pretextual and, therefore, unreasonable. See United States v. Ferguson, 989 F.2d 202 (6th Cir.1993). This decision, however, was later overruled by this court, sitting en banc. United States v. Ferguson, 8 F.3d 385 (6th Cir.1993) (en banc). In Ferguson II, we held that "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." Id. at 391. Officer Landrum issued Hayes a ticket for improperly displaying his registration tag. Roberson offers no evidence to establish that the magistrate judge's findings, as adopted by the district court, were clearly erroneous.
 
 II.
 
 8
 Regarding his sentence, Roberson argues that the district court erred by not granting him a reduction for acceptance of responsibility under § 3E1.1 of the sentencing guidelines. This court reviews a district court's decision pursuant to § 3E1.1 for clear error. See United States v. Payne, 962 F.2d 1228, 1236 (6th Cir.1992). See also USSG § 3E1.1, comment. (n. 5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").
 
 
 9
 The record establishes that Roberson failed to appear at a "report date" hearing in July 1994. After deliberately missing this federal court appearance, he voluntarily appeared in February 1995, but only after being arrested and placed in the Shelby County jail. When being booked for this state charge, Roberson initially gave the alias "Eric Turaman."
 
 
 10
 Roberson maintains that since he notified the government and the court that he would enter a guilty plea within two months of the district court's denial of his motion to suppress, he saved the government from preparing for a trial. Therefore, he claims, under the sentencing guidelines, he should receive a reduction. Roberson does not dispute the court's enhancement for his failure to appear under § 3C1.1 (Obstructing or Impeding the Administration of Justice). Moreover, he acknowledges that the sentencing guidelines bar a reduction for acceptance of responsibility when a defendant has committed some act considered under § 3C1.1. See USSG § 3E1.1, comment. (n. 4). Nevertheless, he insists that under the guidelines there can "be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply" and that his qualifies as such a case. Id. See also United States v. Hopper, 27 F.3d 378, 383 (9th Cir.1994).
 
 
 11
 In Hopper, the Ninth Circuit determined that in extraordinary cases, it is possible that a defendant might obstruct justice, warranting an increase under § 3C1.1, and still accept responsibility so as to qualify for a reduction under § 3E1.1. Roberson asks this court to adopt the Ninth Circuit's standard. Although the sentencing guidelines allow for the possibility of simultaneously applying §§ 3C1.1 and 3E1.1, the facts before us plainly do not present an extraordinary case. Therefore, we need not decide whether to follow the Ninth Circuit's lead in Hopper, and instead we hold that the court below did not err in denying the reduction.
 
 
 12
 For the reasons stated above, the district court's judgment is AFFIRMED.