83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Anthony FELICIANO, a/k/a Frederico Ernesto Morador,
Defendant-Appellant.
 No. 95-10348.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Anthony Feliciano appeals his 27-month sentence imposed following entry of a guilty plea to bank fraud, in violation of 18 U.S.C. § 1344. Feliciano contends that the district court erred by denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination to grant or deny the defendant an acceptance of responsibility reduction. United States v. Rutledge, 28 F.3d 998, 1000 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995). "We accord great deference to the district court's evaluation of the defendant's acceptance of responsibility." Id. at 1000-01; see U.S.S.G. § 3E1.1, comment (n. 5).
 
 
 4
 Feliciano contends that the district court erred by refusing to award an acceptance of responsibility reduction on the ground that he made false statements to the probation officer.
 
 
 5
 "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment (n. 1(a)); see United States v. Vance, 62 F.3d 1152, 1160 (9th Cir.1995). "Relevant conduct is conduct relating to the offense and affecting the offense level." United States v. Khang, 36 F.3d 77, 79 (9th Cir.1994); see U.S.S.G. § 1B1.3.
 
 
 6
 Here, the district court found that Feliciano lied to the probation officer about his true identity. Feliciano contends, however, that the false statements about his identity were not relevant to the offense of conviction. We disagree. The very conduct to which Feliciano plead guilty involved assuming false identities. Moreover, Feliciano's case is not one of the extraordinary cases in which the court may apply both adjustments for obstruction of justice and acceptance of responsibility. See U.S.S.G. § 3E1.1, comment (n. 4); United States v. Magana-Guerrero, No. 95-50066, slip op. 4223, 4227 (9th Cir. Apr. 8, 1996) (defendant commits obstruction of justice if he provides materially false information to a probation officer); United States v. Hopper, 27 F.3d 378, 383 (9th Cir.1994) (explaining that extraordinary case arises when defendant initially attempts to conceal crime but eventually accepts responsibility for crime and abandons all attempts to obstruct justice). Accordingly, the district court did not clearly err by denying Feliciano an acceptance of responsibility reduction. See Vance, 62 F.3d at 1159-60; Hopper, 27 F.3d at 383.
 
 
 7
 Feliciano also contends that the district court improperly considered Feliciano's criminal history in making its assessment of his acceptance of responsibility. Nothing in the record indicates that the district court considered Feliciano's criminal history in determining his acceptance of responsibility. The offense conduct alone provided a sufficient basis for the court's finding of a "long and consistent history of dishonesty."
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3