120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Francis HILL, Defendant-Appellant.
 No. 95-50151.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dana Francis Hill appeals his sentence imposed following his conviction by guilty plea for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Hill contends that the district court erred by denying an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hill does not meet the requirements of § 3E1.1(b)(1). Hill's statement was neither complete nor timely; it did not assist the government in its investigation. See United States v. Hopper, 27 F.3d 378, 384 (9th Cir.1994).
 
 
 4
 Subsection (b)(2) also does not apply because, as the district court noted, Hill waited until the day of trial to plead guilty. The government counsel had already prepared for trial by the time he received notification that Hill wanted to enter into plea negotiations. Regardless of the reasons Hill waited until the last minute to plead, his decision to plead guilty did not fulfill the purpose behind subsection (b)(2).
 
 
 5
 The district court did not clearly err in refusing to grant an additional one-level downward departure pursuant to § 3E1.1(b).
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3