**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos Alfredo GONZALEZ–ALBANEZ,**
**Defendant–Appellant.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

No. 00–50445.

D.C. No. CR–99–00330–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Carlos Alfredo Gonzalez–Albanez appeals his 41–month sentence imposed fol-

---

lowing a guilty plea to illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that because he pleaded guilty immediately after the denial of his motion to dismiss the indictment and before his trial was scheduled to begin, the district court erred by denying an extra one-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). We review this determination for clear error. *United States v. Hopper*, 27 F.3d 378, 381–82 (9th Cir.1994). The district court properly denied the adjustment because Gonzalez–Albanez did not plead guilty until the morning of trial, and the government had already spent considerable time and effort preparing for trial. *See id.* at 385 (noting that focus is on timeliness of guilty plea, given § 3E1.1(b)'s primary purpose of "promoting prosecutorial and judicial economy and efficiency").

Gonzalez–Albanez next contends, for the first time on appeal, that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the district court did not find beyond a reasonable doubt that his prior deportation was subsequent to an aggravated felony conviction. He further contends that *Apprendi* calls into question the continuing validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Both contentions are foreclosed by our recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (on plain error review, holding that *Apprendi* did not overrule the conclusion in *Almendarez–Torres* that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense); *see Almendarez–Torres*, 523 U.S. at 235 (recognizing risk of unfairness in requiring government to prove previous deportation was subsequent to conviction for aggravated felony, due to potential prejudice in introducing evidence of prior crimes at trial).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.