**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco Javier DEL CID–FLORES, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Luis Reyes–Bonilla, Defendant— Appellant.**

**No. 01–50186, 01–50233.**

**D.C. No. CR–00–00515–GHK–01.**

**D.C. No. CR–00–00515–GHK–4.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 20, 2002.

---

Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

### I. *Del Cid–Flores*

Francisco Javier Del Cid–Flores pled guilty to harboring illegal aliens and now appeals his sentence. Specifically, he challenges the district court's imposition of an upward adjustment for obstruction of justice and the court's denial of a request for an acceptance of responsibility adjustment. We affirm the district court.

■ The district court did not err when it imposed an upward adjustment for obstruction of justice[1] because Del Cid–Flores committed perjury under oath.[2] Del Cid–Flores admitted during his change of plea hearing that he agreed with the co-defendants to smuggle aliens illegally, yet denied entering into an agreement with the co-defendants while testifying at a co-defendant's trial. Both statements of Del Cid–Flores were material and willful, and one of them was false, fulfilling the definition of perjury.[3] Because Del Cid–Flores committed perjury at one of the proceedings, he was subject to a two-level enhancement under U.S.S.G. § 3C1.1.

■ The district court also properly denied a downward adjustment for early acceptance of responsibility. A defendant who receives an enhancement for obstruction of justice under § 3C1.1 is not entitled to a departure for acceptance of responsibility under § 3E1.1 unless the case is extraordinary.[4] This case is not extraordinary because Del Cid–Flores attempted to obstruct justice after his supposed acceptance of responsibility.[5] By testifying at his co-defendant's trial in a manner that was contradictory to his plea, he acted inconsistently with an acceptance of responsibility.[6] We affirm the district court's sentence.

### II. *Reyes–Bonilla*

Luis Reyes–Bonilla was convicted on four counts and sentenced to four concurrent terms of imprisonment for transporting, harboring, and bringing illegal aliens to the United States, and for conspiring to do those acts. He appeals his conviction under count four and his sentences under counts two and three. We affirm the conviction and sentences.

■ We must review Reyes–Bonilla's claim that the court improperly instructed the jury under count four for plain error.[7]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See* United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1 (2001).

2. *Id.* cmt. n. 4(b) (stating that committing perjury is an example of obstruction of justice that allows the court to impose an enhancement).

3. 18 U.S.C. § 1621(1) (defining perjury); *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (stating that to determine whether a defendant has obstructed justice by committing perjury, courts should rely on the definition of perjury found in the federal perjury statute).

4. U.S.S.G. § 3E1.1 cmt. n. 4.

5. *Compare United States v. Hopper*, 27 F.3d 378, 383 (9th Cir.1994) (noting that an extraordinary case arises when the defendant initially attempts to conceal the crime but then accepts responsibility and abandons all attempts to obstruct justice).

6. *See United States v. Acuna*, 9 F.3d 1442, 1446 (9th Cir.1993) (holding that defendant was subject to an upward adjustment for obstruction of justice and was not entitled to a downward departure for acceptance of responsibility when his testimony at a co-defendant's trial contradicted his plea agreement).

7. *United States v. Barajas–Montiel*, 185 F.3d 947, 953 (9th Cir.1999) (stating that when counsel fails to object to jury instructions at trial, the instruction receives plain error review).

We agree that the court plainly erred by not instructing the jury that, to convict for bringing illegal aliens to the United States under 8 U.S.C. § 1324(a)(2)(B)(ii), it had to find beyond a reasonable doubt that Reyes–Bonilla acted for the purpose of commercial advantage or private financial gain.[8] We conclude, however, that the district court's error did not affect the substantial rights of the defendant or the fairness of the proceeding. The jury found that Reyes–Bonilla acted for the purpose of private financial gain, but it did not state that it made that finding beyond a reasonable doubt. The undisputed evidence that each alien had to pay between $3,900.00 and $4,200.00 is sufficient to demonstrate beyond a reasonable doubt that the defendants conducted the smuggling operation for financial gain. Thus, the court's improper instruction was not plain error justifying reversal of the conviction.

Reyes–Bonilla appeals his sentences under counts two and three because he objects to the special verdict form used by the jury. Reyes–Bonilla claims that the form should have required the jury to find beyond a reasonable doubt that he acted for commercial advantage or private financial gain. Again, we must review for plain error because Reyes–Bonilla did not raise this objection at trial.[9]

■ Reyes–Bonilla correctly asserts that under *United States v. Apprendi*,[10] the jury must find beyond a reasonable doubt any fact that increases the statutory maximum penalty. A finding that the defendant acted for commercial advantage or private financial gain increases the penalty for the offenses at issue here from five years to ten years. However, no *Apprendi* violation occurred because the court sentenced Reyes–Bonilla to less than five years for each count.[11] The sentences were thus within the lower statutory maximum, which requires no finding of commercial advantage or private financial gain. We affirm the district court's sentences.

AFFIRMED.

---

**8.** *See United States v. Tsai*, 282 F.3d 690, 697 (9th Cir.2002) (referring to finding of commercial advantage or private financial gain as an element of the offense); *United States v. Dixon*, 201 F.3d 1223, 1231 (9th Cir.2000) (same).

**9.** *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir.1998).

**10.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**11.** *See United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001) (stating that a defendant is not entitled to relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict).