**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald HILL, Defendant–Appellant.**

No. 01–6199.

United States Court of Appeals,
Sixth Circuit.

May 13, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

OPINION

GILMAN, Circuit Judge.

Ronald Hill was indicted by a federal grand jury in a multi-count indictment. He was charged with conspiring to fraudulently purchase firearms, aiding and abetting in the making of false written statements to federally licensed firearms dealers that were material to the acquisition of firearms, and being a felon in pos-

session of firearms, all in violation of 18 U.S.C. §§ 371, 922(a)(6), and 922(g). Hill pled guilty to the conspiracy and false-statement counts. The felon-in-possession charge was dismissed at sentencing. Hill was sentenced to a total of 180 months of incarceration to be followed by 3 years of supervised release. In so doing, the district court enhanced Hill's sentence for obstruction of justice as authorized by United States Sentencing Guidelines § 3C1.1, and denied him a sentencing reduction for acceptance of responsibility that is authorized by United States Sentencing Guidelines § 3E1.1. Hill now appeals the decision to deny him the reduction. For the reasons set forth below, we AFFIRM the sentence as imposed by the district court.

## I. BACKGROUND

Hill and his coconspirators were involved in a scheme to illegally purchase firearms in Tennessee, where regulations are less stringent than in Hill's home state of Illinois. To effect this goal, the coconspirators recruited individuals, including D'Angelo Mitchell, who lived in Memphis and had no criminal records. These individuals purchased firearms with money provided by the co-conspirators. The firearms would then be taken back to Illinois for resale. Over the course of approximately 16 months, 117 firearms were illegally purchased as a result of the conspiracy. Hill was finally arrested in Illinois in October of 2000. He, his son Kenneth, and eight other coconspirators were charged in a multi-count indictment that was subsequently filed in the Western District of Tennessee. All of the indicted coconspirators, except William Washington, pled guilty.

Following Hill's arrest, he sent an affidavit to the court averring that neither his son Kenneth nor Washington knew anything about the purchase of firearms in Memphis. At Washington's trial, Hill testified that he was the only one for whom Mitchell purchased firearms. This assertion, however, was directly contradicted by Mitchell's own testimony that he purchased firearms at the behest of Hill, Kenneth Hill, and Washington. Hill's testimony and affidavit were also contradicted by Kenneth Hill's admission during his guilty plea that Mitchell had purchased firearms in Memphis for his father, Washington, and Kenneth himself.

The district court determined that Hill's affidavit and his testimony under oath at Washington's trial were false. As a result, the court denied Hill a sentencing reduction for acceptance of responsibility. It also enhanced Hill's sentence for obstruction of justice based upon his false testimony.

## III. ANALYSIS

"We usually defer to a district court's factual findings regarding acceptance of responsibility and will reverse a district court only if its findings are clearly erroneous." *United States v. Harper*, 246 F.3d 520, 525 (6th Cir.2001). The application of the Sentencing Guidelines to a given set of facts, however, is reviewed de novo. *Id.* In addition, "[w]hether undisputed facts constitute an extraordinary case that warrants an adjustment for acceptance of responsibility despite charges of obstruction of justice under § 3E1.1 of the Sentencing Guidelines is a question of law that we review de novo." *Id.* (internal quotation marks omitted).

Under the United States Sentencing Guidelines, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [his] offense level [is decreased]...." United States Sentencing Guidelines Manual § 3E1.1(a) (2000). A defendant who enters a guilty plea, howev-

er, is not entitled to an acceptance-of-responsibility reduction as a matter of right. *Id.,* cmt. n. 3. Rather, the defendant bears the burden of proving by a preponderance of the evidence that he has in fact accepted responsibility. *Harper,* 246 F.3d at 525. The application notes to this section further explain that "a defendant who falsely denies ... relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." United States Sentencing Guidelines Manual § 3E1.1, cmt. n. 1(a). "Relevant conduct" includes the actions of coconspirators or codefendants. *Id.* § 1B1.3(a)(1)(B).

In addition, "[c]onduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments [for] both [obstruction of justice] and [acceptance of responsibility] may apply." *Id.* § 3E1.1, cmt. n. 4. Hill asserts that his is such an extraordinary case. The burden is on him to prove this assertion. *United States v. Gregory,* 315 F.3d 637, 641 (6th Cir.2003) (holding that it is "the defendant's burden to demonstrate that his case is extraordinary such that he deserves the downward adjustment") (internal quotation marks omitted).

In *Gregory,* this court clarified what constitutes an "extraordinary case" for the purposes of Application Note 4. The court in *Gregory* adopted the reasoning of the Ninth Circuit in *United States v. Hopper,* 27 F.3d 378 (9th Cir.1994), which held that "cases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice."

315 F.3d at 640 (quoting *Hopper,* 27 F.3d at 383).

As determined by the district court. Hill made false statements under oath on behalf of Washington long after his guilty plea and alleged acceptance of responsibility. The above-cited application notes to the Sentencing Guidelines, as well as this court's decision in *Gregory,* make clear that Hill's continued false denial of his coconspirators' involvement in the criminal enterprise, to which all but Washington pled guilty, provides a sufficient ground for finding that Hill failed to meet his burden of proving that he had accepted responsibility for his offenses.

Rather than attempting to demonstrate how his case is extraordinary, Hill argues that the district court failed to properly evaluate his acceptance of responsibility by utilizing the eight criteria set forth in the application notes to § 3E1.1. But his basis for this argument is unclear, since the notes to which Hill points are the very application notes discussed above that support the district court's refusal to reduce Hill's sentence. The Presentence Report, moreover, establishes that the district court's denial of a reduction was made in full consideration of the totality of the circumstances. We therefore agree with the district court's determination that the timing of Hill's obstructive conduct is inconsistent with the acceptance of responsibility, despite his acknowledgment of his role in the criminal enterprise and his rehabilitative efforts since his arrest.

## IV. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the sentence as imposed by the district court.