UNITED STATES of America,
Plaintiff–Appellee,

v.

Adrian ARELLANO–ZAVALA,
Defendant–Appellant.

No. 03–50031.
D.C. No. CR–98–01776–3–RMB.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

See also 14 Fed.Appx. 981.

Mark Edelman, Asst. U.S. Atty., U.S. Attorney CR, San Diego, CA, for Plaintiff–Appellee.

Gretchen C. von Helms, San Diego, CA, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Adrian Arellano–Zavala appeals his 189–month sentence imposed upon resentencing following his jury-trial conviction for conspiracy to import and distribute heroin in violation of 21 U.S.C. § § 841, 846, 952, 960, and 963. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Arellano–Zavala contends that the district court erred by denying a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court did not clearly err in concluding that Arellano–Zavala was not entitled to a downward departure for acceptance of responsibility where the district court found that Arellano–Zavala's conduct warranted an upward adjustment for obstruction of justice, and where the court found that his belated remorse was not genuine. *See* § 3E1.1, cmt. n. 4 (stating that "[c]onduct resulting in an enhancement under § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility"); *see United States v. Hopper,* 27 F.3d 378, 383 (9th Cir.1994) (deciding that to conclude that a case is not extraordinary to warrant simultaneous adjustments under §§ 3C1.1 and 3E1.1, "the district court must necessarily find the obstructive conduct is inconsistent with the defendant's acceptance of responsibility"). Thus, the district court did not err in sentencing Arellano–Zavala. *See* § 3E1.1, cmt. n. 5 (stating that the determination of the district court regarding a defendant's

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**240**

acceptance of responsibility is entitled to great deference).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, Appellant's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.