**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold SHIPLEY, aka Kaseem Alim**
**Shipley, Defendant–Appellant.**

No. 03–30217, 03–30218.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls Office, Great Falls, MT, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Harold Shipley appeals the 96–month sentence imposed following his consolidat-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed guilty plea convictions for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and failure to appear for trial, in violation of 18 U.S.C. § 3146(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Shipley contends that the district court erred by denying him an additional offense-level reduction in addition to the two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). We disagree. Because Shipley's post-arrest false statement did not relieve the government of the burden of investigating the case, he did not provide complete information to law enforcement in a timely manner.[1] *See* U.S.S.G. § 3E1.1(b)(1); *United States v. Hopper*, 27 F.3d 378, 384–85 (9th Cir.1994); *see Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.1987) (stating that this court may affirm the district court on any grounds contained in the record). Additionally, Shipley did not timely notify the court of his intention to enter a guilty plea when he absconded seven days prior to his first trial setting, and was not re-arrested for 10 months. *See* U.S.S.G. § 3E1.1(b)(2); *Hopper*, 27 F.3d at 385–86.

AFFIRMED.

---

1. Because the burden is on Shipley to prove that the district court's finding was clearly erroneous, the government's failure to address this argument does not constitute waiver and require reversal. *See United States v.* *Hopper*, 27 F.3d 378, 381–822 (9th Cir.1994) (reviewing for clear error the district court's withholding of an additional one-level reduction).