**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Lee REYNOLDS, Jr.,**
**Defendant–Appellant.**

No. 03–30244.

D.C. No. CR–02–00017–CCL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt Alme, U.S. Attorney's Office, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Charles Lee Reynolds, Jr. appeals the judgment of conviction following his guilty-plea, and his 71–month sentence for identity theft, in violation of 18 U.S.C. § 1028(a)(7), and bank fraud, in violation of 18 U.S.C. § 1344(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reynolds contends that the district court erred by denying a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court did not clearly err in concluding that Reynolds was not entitled to a downward departure for acceptance of responsibility where the district court found that Reynold's conduct warranted an upward adjustment for obstruction of justice, and where the district court found that he has failed to .express sincere remorse. *See* U.S.S.G. § 3E1.1, cmt. n. 4 (stating that "[c]onduct resulting in an enhancement under § 3C1.1 (obstructing or impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility"); *see United States v. Hopper,* 27 F.3d 378, 383 (9th Cir.1994) (deciding that a defendant's obstructive conduct must not be inconsistent with his acceptance of responsibility to

---

warrant simultaneous adjustments under §§ 3C1.1 and 3E1.1).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.