**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Manuel AREVALO–NUNO, Defendant—Appellant.**

**No. 03–50227.**

**D.C. No. CR–02–02835–MLH.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

U.S. Attorney, Matthew L. Olmsted, USSD–Office of the U.S. Attorney, San Diego, CA, for plaintiff–appellee.

Lynn H. Ball, San Diego, CA, for defendant–aappellant.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Juan Manuel Arevalo–Nuno, an alien convicted by a jury of attempted entry after deportation in violation of 8 U.S.C. § 1326, appeals the district court's judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Arevalo–Nuno first contends that the district court erred by applying an obstruction of justice enhancement. We review de novo whether the appellant's conduct constitutes obstruction of justice. *See United States v. Draper,* 996 F.2d 982, 984 (9th Cir.1993). This contention lacks merit. Based on the numerous inconsistencies in Arevalo–Nuno's testimony, the district court did not err in finding that Arevalo–Nuno perjured himself. *See United States v. Dunnigan,* 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (upholding obstruction of justice enhancement upon proper determination that accused committed perjury).

Next, Arevalo–Nuno contends that the district court erred by denying a two-level downward adjustment for acceptance of responsibility. Factual findings and the district court's decision to adjust downward for acceptance of responsibility are reviewed for clear error. *See Draper,* 996 F.2d at 984; *United States v. Velasco–Medina,* 305 F.3d 839, 854 (9th Cir.2002). This contention also lacks merit. Arevalo–Nuno's conduct warranted an upward adjustment for obstruction of justice, and the district court did not clearly err in finding that he failed to express sincere remorse. *See* U.S.S.G. § 3E1.1, cmt. n. 4 (stating that conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility); *United States v. Hopper,* 27 F.3d 378, 383 (9th Cir.1994) (holding that a defendant should not receive an acceptance of responsibility adjustment when there is contradicting obstructive conduct).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.