**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30225 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-05531-RBL-1 |
| v. | |
| MATTHEW TYLER CHARLES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Matthew Tyler Charles appeals from the district court's judgment and challenges the 60-month sentence imposed upon his guilty-plea conviction for domestic assault by a habitual offender, in violation of 18 U.S.C. § 117(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Charles first contends that the district court erred by denying a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We review for clear error a district court's determination of whether a defendant has accepted responsibility. *See United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017). The district court did not clearly err in finding that Charles's conduct, which Charles conceded below warranted an upward adjustment for obstruction of justice, was inconsistent with acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.4 (obstructive conduct "ordinarily indicates that the defendant has not accepted responsibility"); *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994) (when defendant receives an obstruction of justice enhancement, an acceptance of responsibility adjustment is available only in the "extraordinary case" when the obstructive conduct is not inconsistent with acceptance of responsibility). Moreover, contrary to Charles's contention, the district court sufficiently explained its refusal to grant the reduction. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007).

Charles also argues that the statutory maximum sentence is substantively unreasonable, given his "horrendous" childhood and his postconviction efforts to educate and rehabilitate himself. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 60-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and

18-30225

the totality of the circumstances, including the seriousness of the offense and Charles's significant criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**