**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dana Malek THOMPSON, Defendant–Appellant.**

**No. 95–30210.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1996.

Decided April 3, 1996.

---

Kelly J. Varnes, Hendrickson, Everson, Noennig & Woodward, Billings, Montana, for defendant-appellant.

Tracy S. Toulou, Assistant United States Attorney, Billings, Montana, for plaintiff-appellee.

Before: FLETCHER, JOHN T. NOONAN, Jr., and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

Dana Thompson appeals the district court's decision not to reduce her offense level for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

### FACTUAL BACKGROUND AND PROCEEDINGS BELOW

On November 6, 1991, a search of Thompson's residence in Billings, Montana revealed what authorities believed to be equipment and materials for the manufacture of methamphetamine. On June 20, 1994, an indictment was filed against Thompson and her boyfriend Steve Denton charging Thompson with conspiracy to manufacture methamphetamine (Count I) and maintaining a place for the manufacture of methamphetamine (Count II).

On October 28, 1994, Thompson entered into an agreement to plead guilty to Count II. She agreed to cooperate fully and the parties stipulated that she "did accept responsibility of her criminal conduct and is therefore entitled to a 2 level reduction pursuant to [U.S.S.G.] § 3E1.1(a)" and a further one-point reduction for early notification of her guilty plea under § 3E1.1(b). On December 1, 1994, the court accepted Thompson's plea agreement, adjudged her guilty, and scheduled sentencing for February 3, 1995.

A presentence report dated January 4, 1995 recommended a three-level reduction for acceptance of responsibility.

On January 23, 1995, the U.S. moved to revoke Thompson's release pending sentencing because she had failed to report to the probation office and had apparently fled; a warrant was issued for her arrest. The U.S. also objected to the presentence report on the grounds that Thompson was ·now a fugitive.

On May 5, 1995, Thompson was arrested; on May 19 she was indicted for failure to appear for sentencing. On June 1, Thompson pled guilty to this charge.

A revised presentencing report, dated May 29, 1995, recommended no reduction for acceptance of responsibility. The report noted that Thompson had previously pled guilty to the methamphetamine offense, but that entering into a plea agreement did not automatically entitle her to a reduction under U.S.S.G. § 3E1.1. The report concluded that her failure to appear for sentencing was pretrial conduct that was "inconsistent with acceptance of responsibility". The report instead recommended increasing the offense level by two levels under U.S.S.G. § 3C1.1 [1] because Thompson "willfully impeded justice by failing to appear for sentencing".

A sentencing hearing was held on June 7, 1995. Thompson objected to the presentence report because it did not recommend a reduction for acceptance of responsibility. The court found that the methamphetamine offense had a base offense level of 16, to which it added the recommended 2–level increase for obstruction of justice; the court followed the recommendation not to allow any reduction for acceptance of responsibility. Thompson's criminal history placed her in Category I, resulting in a sentencing range of 27 to 33 months. The judge imposed a 27–month sentence on the methamphetamine count and a six-month consecutive sentence on the failure to appear count.[2] Thompson then read an apology and acknowledgment of her wrongdoing to the court. The judge said that he thought Thompson has "some real potential" and was "convinced that there is a lot of good that can be salvaged in [her]" and that her becoming drug-free was a "big step". He declined, however, to change the sentence.

## STANDARD OF REVIEW

 Acceptance of responsibility under U.S.S.G. § 3E1.1 is a factual determination reviewed for clear error. *United States v. Hopper,* 27 F.3d 378, 381–82 (9th Cir.1994). The district court's determination of whether a case is "an extraordinary case justifying a simultaneous adjustment for obstruction of justice and acceptance of responsibility" is reviewed for clear error. *Id.* at 381.

## DISCUSSION

 Section 3E1.1 of the guidelines directs a sentencing judge to reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense". (A further one-point reduction is allowed if the offense level is 16 or greater and the defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial". U.S.S.G. § 3E1.1(b)(2).) This court has explained that "[t]he primary goal of the reduction is to reward defendants who are genuinely contrite". *United States v. McKinney,* 15 F.3d 849, 853 (9th Cir.1994).

The application notes to this section indicate that while "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility", the entry of a guilty plea does not entitle a defendant to a § 3E1.1 reduction as a matter of right and the evidence of a plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility".

---

1. "If the defendant willfully obstructed or impeded ... the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

2. The court also imposed supervised release, community service, and a special assessment.

U.S.S.G. § 3E1.1, comment. (n.3). The application notes also indicate that while conduct that leads to an enhancement for obstruction of justice under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct", there are "extraordinary cases" in which adjustments for both obstruction of justice and acceptance of responsibility may apply. *Id.* at comment. (n.4).

 Thompson does not challenge the obstruction-of-justice enhancement of her offense level for the methamphetamine offense. The district court did not clearly err in deciding that this was not an "extraordinary case" in which both obstruction-of-justice and acceptance-of-responsibility adjustments applied; it also did not clearly err in deciding that Thompson had not clearly demonstrated acceptance of responsibility. While her timely entry of a plea agreement and her statement at sentencing are strong evidence of her acceptance of responsibility, they are not so strong as to outweigh the fact that she absconded before sentencing. Two circuits faced with virtually identical facts have so held. *See, e.g., United States v. Loeb,* 45 F.3d 719, 722 (2d Cir.) (no error in imposing obstruction-of-justice enhancement and denying acceptance-of-responsibility reduction where defendant, after pleading guilty, jumped bail and failed to appear at sentencing), *cert. denied,* —— U.S. ——, 115 S.Ct. 2017, 131 L.Ed.2d 1015 (1995); *United States v. Fahm,* 13 F.3d 447, 449 (1st Cir.1994) (no error in denying acceptance-of-responsibility reduction where defendant pled guilty but failed to appear for sentencing). As the court in *Loeb* stated, "by willfully failing to appear for sentencing, a defendant fails to accept responsibility for the offense, regardless of whether there was a plea agreement stipulating credit for the adjustment". 45 F.3d at 722 (citing *United States v. Rivera,* 954 F.2d 122, 124 (2d Cir.), *cert. denied,* 503 U.S. 996, 112 S.Ct. 1701, 118 L.Ed.2d 410 (1992)). While Thompson's guilty plea to the charge for failure to appear and her expression of contrition occurred after she absconded, it was not clear error for the district court to determine that she had not clearly demonstrated acceptance of responsibility so as to make her case one of the exceptional ones in which both obstruction-of-justice and acceptance-of-responsibility adjustments apply.

 Thompson is correct that a defendant's eligibility for an acceptance-of-responsibility reduction does not turn on cooperation in the apprehension or prosecution of co-defendants. *See, e.g., McKinney,* 15 F.3d at 854 ("A defendant's degree of assistance in the prosecution of a codefendant is relevant only to his entitlement for a departure for substantial assistance under [U.S.S.G.] § 5K1.1. Where the defendant's refusal to assist authorities in the prosecution of his codefendants does not detract from his clear contrition for his own actions, he is still entitled to the acceptance of responsibility reduction."). While the district court and counsel for the United States at the sentencing hearing discussed the issue of Thompson's future cooperation after she read her statement acknowledging her wrongdoing, the record shows that the court did not consider the question of cooperation in connection with the acceptance-of-responsibility reduction.

### CONCLUSION

Because the district court did not clearly err, the sentence imposed by the district court is

**AFFIRMED.**