106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley John KEHM, Defendant-Appellant.
 No. 96-50032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1997.*
Decided Jan. 16, 1997.
 
 1
 Before: Fletcher and Trott, Circuit Judges, and Jenkins.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Bradley J. Kehm appeals his jury conviction and sentence under the Sentencing Guidelines for assault resulting in serious bodily injury, impeding a correctional officer while engaged in the performance of official duties, and possession of a prohibited object by an inmate in a federal correctional institution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 4
 On May 22, 1993, Kehm, then an inmate at the Federal Correctional Institution in Lompoc, California, straddled on top of inmate Jesus Zamura-Sanchez ("Sanchez"), who was sleeping, and stabbed him repeatedly with a thirteen-inch butcher knife. After stabbing Sanchez, Kehm ran to Lieutenant James Thomas's office, holding the butcher knife at his side. According to Lieutenant Thomas, Kehm stated, "I told them to leave me alone. They really done it now." Kehm refused to drop the knife or to surrender. He repeatedly threatened the prison guards, and threw typewriters, computer monitors, and office equipment at the prison staff.
 
 STANDARD OF REVIEW
 
 5
 The district court's application of the Sentencing Guidelines is reviewed de novo. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Thompson, 80 F.3d 368, 370 (9th Cir.1996).
 
 DISCUSSION
 
 6
 Kehm argues the district court erred by refusing to give Kehm a one-level reduction in the base offense level pursuant to section 3E1.1(b) of the Sentencing Guidelines. Under section 3E1.1(b), a defendant qualifying for a two-level reduction under 3E1.1(a) may qualify for an additional one-level reduction in the base offense level if the defendant timely provides complete information to the government concerning his own involvement in the offense. USSG § 3E1.1(b).
 
 
 7
 Kehm does not qualify for the additional reduction because he never provided "complete information" to the prison officials. His "confession" consisted of his ambiguous statement that he had "really done it." He threatened the prison guards at the time he made his alleged confession, and threw office furniture and computer equipment at the prison staff. Kehm did not tell the guards who he had stabbed, where the victim was, or whether the victim was alive. Indeed, Kehm attempted to pass blame onto the victim, stating that "I told them to leave me alone," "they wouldn't listen," and "they have really done it now." Taken together, these facts do not compel a finding that Kehm timely provided complete information to the government. Thus, the district court did not err by refusing Kehm a one-point reduction for acceptance of responsibility under section 3E1.1(b).
 
 
 8
 Next, Kehm argues that the district court erred because it refused to depart downward from the applicable guideline range based on a delay in his sentencing and the alleged misconduct of the victim. Generally, a district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995). An exception to this rule exists when the district court indicates that it believes that it lacks the authority to depart. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 890 (1992). There is no indication in the record, however, that the district court believed it lacked authority to depart downward. "When it is not otherwise in dispute, a district court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked the power to depart." United States v. Jackson, 986 F.2d 312, 314 (9th Cir.1993). Thus, Kehm may not appeal the district court's discretionary refusal to depart downward.
 
 
 9
 Finally, Kehm claims that his trial attorney provided ineffective assistance by conceding during closing argument that Kehm was guilty of all the offenses charged except for the attempted murder count. "Ineffective assistance claims are ordinarily reviewed only in collateral proceedings because such claims usually cannot be resolved without the development of facts outside the original record." United States v. Sitton, 968 F.2d 947, 960 (9th Cir.), cert. denied, 506 U.S. 979 (1992). Kehm's claim cannot be resolved without the development of evidence regarding his trial counsel's reasons for conceding Kehm's guilt on some of the charges. Thus, if Kehm wishes to pursue this claim, he should do so via a 28 U.S.C. § 2255 habeas corpus writ. See United States v. Birges, 723 F.2d 666, 670 (9th Cir.) ("The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by a collateral attack on the conviction under 28 U.S.C. § 2255."), cert. denied, 466 U.S. 943 (1984).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Bruce S. Jenkins, Senior District Judge for the District of Utah, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3