108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Gomez NAVA, Reyna Morales, Jose Delgado-Flores, Jose
Fonseca-Contreras, Defendants-Appellants.
 Nos. 96-50008, 96-50009, 96-50077 and 96-50157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
Decided Feb. 14, 1997.
 
 1
 Appeals from the United States District Court for the Central District of California, No. CR-95-00461-LEW; Laughlin E. Waters, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 This consolidated appeal involves a conspiracy among four defendants--Reyna Morales, Jose Delgado-Flores, Jose Fonseca-Contreras, and Jaime Gomez Nava--to distribute controlled substances. Morales appeals her jury-trial conviction for conspiracy to distribute heroin and methamphetamine, 21 U.S.C. § 846, possession of heroin and methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), and carrying a firearm in connection with a drug-trafficking offense, 21 U.S.C. § 924(c). Delgado-Flores appeals his jury trial conviction for conspiracy to distribute and possession with intent to distribute methamphetamine. Fonseca-Contreras pled guilty to charges of conspiracy to distribute heroin and methamphetamine and now appeals his sentence. Gomez Nava also appeals his sentence following his guilty plea to charges of conspiracy to distribute and possession with intent to distribute methamphetamine. We affirm all four of the defendants' convictions and sentences.
 
 I. Morales
 
 7
 Morales argues that the evidence against her was insufficient to support her conviction. "In considering a challenge to the sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Wiseman, 25 F.3d 862, 865 (9th Cir.1994).
 
 
 8
 Morales's argument that the evidence against her was just as consistent with an intent to rob the confidential informant ("CI") as with an attempt to distribute drugs misses the point. Evidence is sufficient if a jury "could rationally choose the hypothesis that supports a finding of guilt rather than the hypotheses that are consistent with innocence." United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.1992).
 
 
 9
 The Government introduced ample evidence from which a jury rationally could conclude that Morales was engaged in a drug transaction. Among other evidence, Drug Enforcement Agency ("DEA") experts testified that, if a robbery were planned, the defendants would not have brought real drugs to the transaction and would not have arranged to consummate the transaction in a public place. In addition, the jury rationally could conclude that Morales would not have reduced the size of the deal--thereby decreasing the amount of money brought to the transaction--if she had merely intended to rob the CI.
 
 
 10
 In light of this evidence, the district court did not err in denying Morales's motion for acquittal.
 
 II. Delgado-Flores
 
 11
 Delgado-Flores also argues that the government's evidence was insufficient to support his conviction. To support a conspiracy conviction, "[e]vidence has to be produced to show that [the person charged as a co-conspirator] had knowledge of the conspiracy and acted in furtherance of it." United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993). Where, as here, the government establishes the conspiracy's existence, it need only show that the defendant had a "slight" connection with the conspiracy to support a conviction. Wiseman, 25 F.3d at 865.
 
 
 12
 Delgado-Flores drove with Gomez Nava to the scene of the drug transaction in the vehicle that carried the methamphetamine. His videotaped behavior in the Carl's Jr. parking lot showed a "high degree of coordination" with the other conspirators, from which the jury reasonably could conclude that his role in the transaction was to guard the drugs and to keep them a safe distance from the CI. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992). Moreover, DEA experts testified that drug traffickers normally do not entrust large amounts of valuable drugs to unknowing participants. From this evidence, the jury could rationally conclude that Delgado-Flores was a knowing participant in the conspiracy. The district court did not err in denying Delgado-Flores's motion for acquittal.
 
 
 13
 In addition, Delgado-Flores argues that the district court erred in refusing to admit Gomez Nava's driving record and Delgado-Flores's payroll records on the ground that they were irrelevant. We review a district court's rulings on the relevance of evidence for an abuse of discretion. United States v. Easter, 66 F.3d 1018, 1020 (9th Cir.1995), cert. denied, 116 S.Ct. 1026 (1996).
 
 
 14
 Gomez Nava's driving record showed only that his license had been suspended in 1992, and that it expired in 1993. The record does not prove that Gomez Nava was unlicensed or unwilling to drive on May 11, 1995. Delgado-Flores's payroll records showed only that, for the two-week period prior to the offense, Delgado-Flores earned $365.40. This evidence does not suggest that Delgado-Flores lacked the incentive to engage in a drug transaction worth over $30,000. Thus, the district court did not abuse its discretion in concluding that these records were irrelevant.
 
 
 15
 Finally, Delgado-Flores argues that Gomez Nava's post-sentencing declaration is "newly discovered" evidence and that the district court erred by refusing to grant him a new trial. Denial of a new trial motion is reviewed for abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.1992).
 
 
 16
 We have held that "when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered.' " Id. We discourage reliance on such testimony, because it is inherently untrustworthy. Id. at 1188. Given the unreliability of Gomez Nava's statement, the district court did not abuse its discretion in refusing to order a new trial.
 
 III. Fonseca-Contreras
 
 17
 Fonseca-Contreras challenges the district court's decision to deny him the benefit of an additional one-level adjustment for acceptance of responsibility under USSG § 3E1.1(b)(2). Whether the defendant has satisfied the conditions set forth in USSG § 3E1.1 for acceptance of responsibility is a "factual determination reviewed for clear error." United States v. Thompson, 80 F.3d 368, 370 (9th Cir.1996).
 
 
 18
 Section 3E1.1(b)(2) directs the court to reduce the defendant's offense level by an additional point if he "timely notif[ies] authorities of his intention to enter a plea of guilty." USSG § 3E1.1(b)(2). Fonseca-Conteras notified the government that he would plead guilty on September 22, 1995, four days before trial. Under these circumstances, the district court did not clearly err in concluding that Fonseca-Contreras was not entitled to a third-point for acceptance of responsibility.
 
 
 19
 Fonseca-Contreras also argues that the district court erred because it did not acknowledge its authority to depart downward pursuant to USSG § 4A1.3. This argument is without merit. In United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991), we held that "the district court has no obligation affirmatively to state that it does have authority to depart, when its authority to do so is not otherwise in dispute." We have no jurisdiction to review the district court's discretionary refusal to depart downward. Id.
 
 IV. Gomez Nava
 
 20
 Gomez Nava challenges the district court's refusal to grant him a two-level reduction pursuant to USSG § 3B1.2(b) for playing a "minor" role in the offense. We review a district court's factual determination that a defendant is not entitled to a minor role adjustment for clear error. United States v. Hatley, 15 F.3d 856, 860 (9th Cir.1994). Gomez Nava brought the methamphetamine to the drug transaction and shuttled packages of methamphetamine from the Datsun to the Oldsmobile, so that the CI could inspect them before purchase. In light of these facts, the district court did not clearly err in concluding that Gomez Nava was not "substantially less culpable" than his co-participants. United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994) (emphasis added).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Bryan, District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3