116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
NORMAN C. JONES, Defendant-Appellant.
 No. 96-30201.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1997**
Decided June 16, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Fred L. Van Sickle, District Judge, Presiding
 Before: REAVLEY,*** PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Jones appeals his jury conviction and sentence for conspiracy to distribute methamphetamine, and two counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2, respectively. We affirm for the following reasons:
 
 
 3
 1. Jones argues that the evidence before the jury did not satisfy the elements of a conspiracy, and that he was an innocent bystander to the drug transactions which occurred at his house between co-conspirators Regina Chapman and Henry Tisor, and Terry Anderson, the government informant who testified at trial. The jury heard in-court testimony by Anderson as well as various recorded conversations between Anderson and Jones, Chapman and Tisor, in which Jones called Anderson to offer methamphetamine and gave directions to his house, confirmed a plan for a later drug sale, attempted to secure a source of methamphetamine when Tisor failed to make a delivery to his house, and inquired from Anderson about the possibility of exchanging drugs for guns. Additionally, Jones had admitted prior to his trial and change of plea to not guilty that he was aware the contacts between Anderson and Chapman were for the purchase of controlled substances, and also that he expected to receive methamphetamine for his personal use in exchange for the use of his home. On this evidence, the court properly found there was substantial evidence to support the jury's verdict on two counts for distribution and one count for conspiracy.
 
 
 4
 2. Jones further complains the court erred when it denied him a point reduction for acceptance of responsibility and as a minimal participant in the offense, as well as when it applied a point enhancement for obstruction of justice and found no sentencing entrapment existed. Departures from the Sentencing Guidelines are reviewed for abuse of discretion. Koon v. United States, 116 S.Ct. 2035 (1996). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Thompson, 80 F.3d 368, 370 (9th Cir.1996).
 
 
 5
 Prior to his trial Jones had indicated that he was involved in the conspiracy and agreed to plead guilty and testify against Henry Tisor, whom he admitted had been his methamphetamine source for a six-month period. Jones then withdrew from his plea agreement, changed his plea again to not guilty, and denied knowing Tisor or having been involved in the drug sales. Rather than accept responsibility for the transactions which the evidence showed him to be a part of, Jones put the government to its burden of proving his involvement. A defendant who falsely denies conduct relevant to the charges against him exposes himself to not having a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. n. 1(a), and United States v. Cox, 7 F.3d 1458, 1462 (9th Cir.1993). Jones has not shown that he was a minor or minimal participant compared to his co-conspirators. The evidence at trial showed that Jones had knowledge of the transactions taking place at his home and participated in arranging for the sales of methamphetamine. Accordingly, the district court correctly denied the requested downward departure at sentencing.
 
 
 6
 Jones also argues the district court erred in applying the obstruction of justice enhancement for testimony that was not material to his guilt. Despite the admitted physical evidence, surveillance testimony, and evidence of recorded conversations between Jones and Anderson in which they discuss the purchase of drugs at his house, Jones denied any such involvement on both direct and cross examination at trial. Additionally, Chapman testified for Jones claiming he was unaware that there were drug sales taking place at his house. The Guideline mandates a two level increase for obstruction of justice if a defendant either (1) influences a co-defendant or witness; (2) commits perjury, (3) provides materially false information to a judge; or (4) provides false information to a probation officer. U.S.S.G. § 3 c. l. The court properly considered the perjured testimony and properly applied the obstruction enhancement to Jones's sentence.
 
 
 7
 Jones argues that the trial court erred in not finding sentencing entrapment because he alleges he was induced by Anderson, a government informant to commit a greater offense than he was predisposed to commit. To prevail on this claim, a defendant must show he was not otherwise predisposed to commit the crime charged. United States v. Staufer, 38 F.3d 1103 (9th Cir.1994). As the record shows that Jones initiated contacts with Anderson to arrange methamphetamine sales or to inquire about possible trades, the court properly found there was no sentence entrapment on these facts.
 
 
 8
 3. Jones argues that his Sixth Amendment right to effective assistance of counsel was compromised because his attorneys had conflicts of interest, were unavailable for meaningful consultation, and failed to provide adequate representation. Ineffective assistance of counsel claims are "not ordinarily reviewed on direct appeal," as such claims are "more appropriately raised in habeas corpus proceedings." United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995) (internal citations omitted). We have recognized two exceptions to this general rule: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue," or "(2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (internal citations and quotations omitted). Because our review of the available record indicates neither exception applies, we decline to consider Jones's ineffective assistance of counsel claim in this direct appeal.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3