**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose CERVANTES, Defendant—Appellant.**

No. 01–50410.

D.C. No. CR–00–00222–NM–1.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jose Cervantes appeals his 20–month sentence imposed following his guilty plea for possession of stolen mail in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

Cervantes contends that the district court erred by denying a reduction for acceptance of responsibility, despite an uncontested enhancement for obstruction of justice. We review for clear error, *see United States v. Thompson*, 80 F.3d 368, 370 (9th Cir.1996), and we affirm.

While conduct leading to an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," there are "extraordinary cases" in which adjustments for both obstruction of justice and acceptance of responsibility may apply. *See* U.S.S.G. 3E1.1 cmt. n. 4 (2000).

The district court found that Cervantes's post-arrest conduct was inconsistent with an acceptance of responsibility, citing his failure to appear for a court hearing and felonious conduct after absconding from pre-trial supervision. Granting the requisite deference to the district court's findings, *see United States v. Hopper*, 27 F.3d 378, 381–82 (9th Cir.1994), we cannot say that the district court clearly erred in finding that Cervantes' case was not so extraordinary as to warrant a reduction for acceptance of responsibility. *See Thompson*, 80 F.3d at 371.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.