**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Franklin LEIVAN,
Defendant–Appellant.**

**No. 01–10387.
D.C. No. CR–99–00215–RLH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM **

Charles Franklin Leivan appeals his seventy-eight month sentence imposed following the entry of a guilty plea to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and two counts of manufacturing a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Leivan's contention that the district court improperly enhanced his sentence for obstruction of justice is without merit. We review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1. *United States v. Draper*, 996 F.2d 982, 984 (9th Cir.1993). We review the underlying factual findings for clear error. *Id.* Because Leivan willfully failed to appear at a judicial proceeding as ordered, the district court properly enhanced his offense level by two levels for obstruction of justice. *See* U.S.S.G. § 3C1.1, cmt. n. 4(e); *Draper*, 996 F.2d at 984–86 (explaining that an obstruction of justice enhancement does not require actual obstruction and may properly be based on the mere postponing of a hearing due to failure to appear).

Leivan's contention that the district court erred in failing to reduce his offense level for acceptance of responsibility also lacks merit. We review for clear error the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

district court's determination of whether a case is an extraordinary case justifying a simultaneous adjustment for obstruction of justice and acceptance of responsibility under § 3E1.1. *See United States v. Thompson,* 80 F.3d 368, 370 (9th Cir.1996). Because defendant's obstructive conduct was inconsistent with an acceptance of responsibility, the district court did not clearly err in denying an acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1, cmt. n. 3–4; *Thompson,* 80 F.3d at 371 (explaining that timely guilty plea and apology at sentencing did not outweigh fact that defendant absconded before sentencing).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.