**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dale Demont REED, Defendant–Appellant.**

No. 02–30080.
D.C. No. CR–01–00013–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Dale Demont Reed appeals his 220–month sentence imposed following his guilty plea conviction for one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Reed first contends that the district court erred by applying adjustments for both obstruction of justice under U.S.S.G. § 3C1.1 and reckless endangerment during flight under § 3C1.2 based on the same conduct. Reviewing de novo, *United States v. Hernandez–Sandoval*, 211 F.3d 1115, 1118 (9th Cir.2000), we are not persuaded.

■ The reckless endangerment adjustment should not be applied if another adjustment based on the same conduct is applied. U.S.S.G. § 3C1.2, cmt. n. 1; *United States v. Alexander*, 48 F.3d 1477, 1493 (9th Cir.1995). Reed obstructed justice when he escaped from custody, *see United States v. Petersen*, 98 F.3d 502, 508 (9th Cir.1996), and recklessly endangered others one month later when he evaded recapture, *see Alexander*, 48 F.3d at 1493. Because the adjustments were not based on the same conduct, *see United States v. Christoffel*, 952 F.2d 1086, 1089 (9th Cir. 1991), the district court did not err by increasing his offense level for both acts. *See United States v. Dixon*, 201 F.3d 1223, 1234 (9th Cir.2000).

■ Reed's second contention is that the district court erred by refusing to decrease his offense level for acceptance of responsibility under § 3E1.1. Reviewing for clear error, *United States v. Thompson*, 80 F.3d 368, 370 (9th Cir.1996), we disagree.

Only in an extraordinary case would both an obstruction of justice enhancement under § 3C1.1 and an acceptance of responsibility adjustment under § 3E1.1 apply. U.S.S.G. § 3E1.1, cmt. n. 4; *Thompson*, 80 F.3d at 371. This is not an extraordinary case because Reed obstructed justice by escaping before sentencing, remaining a fugitive for over a month, and evading apprehension once the police located him. *See Thompson*, 80 F.3d at 371. Thus, the district court did not err by not granting an acceptance of responsibility adjustment. *See id.*

■ Reed's final contention is that the district court erred by not granting a downward departure for disparity between his sentence and a co-defendant's sentence. Because Reed did not raise this issue in the district court, it is waived on appeal. *See United States v. Tucker*, 133 F.3d 1208, 1219 (9th Cir.1998).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.