UNITED STATES of America,
Plaintiff—Appellee,

v.

Troy K. CHAPMAN, Defendant—
Appellant.

No. 02–10467.

D.C. No. CR–01–00165–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2003.*

Decided April 28, 2003.

Before SKOPIL, FERGUSON, and
BOOCHEVER, Circuit Judges.

MEMORANDUM **

Troy K. Chapman pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals the district court's two-level increase in his offense level at sentencing for obstruction of justice and its finding that he had not accepted responsibility. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We review for clear error the factual finding that Chapman willfully obstructed justice. *See United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir.1998). Chapman absconded from pretrial supervision sometime in May 2002 and sold his home in Nevada. He called Pretrial Services on May 30, leaving the message that he was doing something back east and was visiting his father and that the officer should "do what you have to do." His rescheduled sentencing date of July 1, 2002 came and went. On July 6, 2002, he was arrested as he was leaving a bar in Greenville, South Carolina.

At Chapman's sentencing on September 3, the court stated:

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Court finds the defendant left the jurisdiction of Nevada without any intention of returning for sentencing in his case on whatever date it was continued to, a fact that was confirmed by the Voice Mail message he left with Pretrial Services. This amounts to willful obstruction of the administration of justice during the sentencing process.

This factual finding is not clearly erroneous. *See United States v. Petersen,* 98 F.3d 502, 508 (9th Cir.1996) (willful obstruction when defendant absconded after conviction while out on bail, and knew he was to return for sentencing but failed to do so, and thereby delayed sentencing).

■ A defendant who obstructs justice can receive a reduction for acceptance of responsibility only in "extraordinary cases." U.S.S.G. § 3E1.1, Application Note 4. We review for clear error a district court's determination whether a case is extraordinary. *See United States v. Thompson,* 80 F.3d 368, 370 (9th Cir.1996).

Chapman's case was not extraordinary. *See id.* at 369–70 (where defendant obstructed justice by pleading guilty, and then absconding pending sentencing, later contrition does not make case "extraordinary"). Although after Chapman's guilty plea the Supreme Court held that it was unconstitutional to punish the possession of *virtual* child pornography, *see Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), Chapman's attorney acknowledged at his sentencing hearing that the government had produced proof that Chapman possessed at least three pornographic images of actual children. It was not clear error to deny Chapman an adjustment for acceptance of responsibility.

AFFIRMED.