UNITED STATES of America,
Plaintiff—Appellee,

v.

Keith D'Shaun SHAMBURGER,
Defendant—Appellant.

United States of America,
Plaintiff–Appellee,

v.

Keith D'Shaun Shamburger,
Defendant–Appellant.

Nos. 03–10027, 03–10026.
D.C. Nos. CR–02–00342–RLH,
CR–S–00084–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

## MEMORANDUM**

The court sua sponte consolidates appeal no. 03–10027 and appeal no. 03–10026. The clerk shall file the briefs in 03–10027 also in 03–10026.

In appeal no. 03–10027, Keith D'Shaun Shamburger appeals the sentence imposed following his guilty plea conviction for wire fraud in violation of 18 U.S.C. § 1343. In appeal no. 03–10026, Shamburger appeals the sentence imposed following his guilty plea conviction for possession of counterfeit and unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3), the sentence imposed for unlawful possession of a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

firearm in violation of 18 U.S.C. § 922(g), and the sentence imposed for possession of a controlled substance in violation of 21 U.S.C. § 841(a)(1).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's determination of whether a defendant presents an "extraordinary case" warranting the simultaneous application of an upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. *See United States v. Thompson,* 80 F.3d 368, 371 (9th Cir.1996).

Shamburger does not challenge the district court's imposition of an obstruction of justice enhancement after Shamburger failed to appear at his initial sentencing hearing. Shamburger contends the district court should have simultaneously awarded him a downward adjustment for acceptance of responsibility. We disagree.

Shamburger absconded after entering his guilty plea, re-initiated his credit card fraud scheme after absconding, and chose to remain a fugitive until he was apprehended. Under these circumstances, the district court did not clearly err in concluding that Shamburger did not present an "extraordinary case" warranting an upward adjustment for obstruction of justice and a downward adjustment for acceptance of responsibility. *See Thompson,* 80 F.3d at 371 (holding that a defendant's timely entry of a plea agreement and statement of contrition at sentencing are strong evidence of acceptance of responsibility, but not sufficient to outweigh the fact that defendant absconded before sentencing).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Shamburger's contention that the district court failed to make adequate findings in support of its decision is unpersuasive.

**Judgment in appeal no. 03–10027 and appeal no. 03–10026 is AFFIRMED.**