**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mario FLORES, aka Seal, Defendant—
Appellant.**

**No. 03–50202.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 27, 2004.*

Decided May 18, 2004.

Ronald L. Cheng, Esq., Thomas E. Loeser, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Defendant–Appellant.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Mario Flores appeals his sentence imposed after he pleaded guilty to conspiracy and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He argues the district court erred by rejecting his request for a reduced sentence based on his acceptance of responsibility. We affirm.

**DISCUSSION**

The Sentencing Guidelines provide for a downward adjustment of a defendant's of-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

116

fense level "if the defendant clearly demonstrates acceptance of responsibility for his offense...." U.S.S.G. § 3E1.1. The Guidelines note, however, that a defendant who engages in conduct resulting in an enhancement for obstructing or impeding justice (under § 3C1.1) "ordinarily ... has not accepted responsibility for his criminal conduct." *Id.* at comment. (n.1). Nonetheless, "[t]here may be ... extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *Id.* We review a decision concerning whether a case merits a simultaneous adjustment for obstruction of justice and acceptance of responsibility for clear error. *United States v. Thompson,* 80 F.3d 368, 370 (9th Cir.1996).

Flores challenges the district court's finding that this is not an extraordinary case that compels an acceptance of responsibility reduction. The district court did not clearly err. Flores's decision to flee the country while on pretrial release is sufficient alone to permit a district court to deny a reduction for acceptance of responsibility. *See id.* at 371. Our decision in *United States v. Hopper,* 27 F.3d 378 (9th Cir.1994), does not suggest otherwise. There, we reasoned that a case is extraordinary "when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice." *Hopper,* 27 F.3d at 383. The obstruction of justice in that case, however, occurred prior to arrest, "persisted for a few days, [and] was not a methodical, continued effort to obstruct justice." *Id.* In contrast, Flores, after his arrest, removed his tracking monitor, lied to pretrial services, and fled the country for almost a year—forcing the Government to track him down and extradite him to the United States for prosecution. Such actions "demonstrate a concerted, continued effort to obstruct justice which is inconsistent

with acceptance of responsibility." *Id.* at n. 4.

Finally, we reject Flores's claim that his case is extraordinary because the Government at one time offered to recommend an acceptance of responsibility reduction. As the Government notes, that offer was part of a negotiated plea agreement that Flores ultimately rejected. The Government is not bound by promises made in plea negotiations that do not result in a plea agreement. *See United States v. Clough,* 360 F.3d 967, 971 (9th Cir.2004). Flores does not contend that his decision to reject the plea offer was involuntary or the result of ineffective assistance of counsel.

**AFFIRMED.**