**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Michael ANDERSON,
Defendant–Appellant.**

**No. 06–50444.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Becky S. Walker, Esq., Jason P. Gonzalez, Esq., USLA–Office of the U.S. Attor-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

ney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Fpdca–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

James Michael Anderson appeals from his guilty-plea conviction and the 72–month sentence imposed for two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Anderson contends that the district court violated Fed.R.Crim.P. 32(i)(3)(B) by failing to resolve a factual dispute regarding the Presentence Report. We disagree. The district court did not use the disputed facts to increase the length of Anderson's sentence. *See United States v. Saeteurn,* 504 F.3d 1175, 1180–81 (9th Cir.2007).

Anderson also contends that the district court clearly erred by denying him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We disagree. Anderson's contrition is outweighed by his pre-trial absconding and the district court did not clearly err in concluding that this was not an "extraordinary case" in which both obstruction of justice and acceptance of responsibility adjustments applied. *See*

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Thompson,* 80 F.3d 368, 371 (9th Cir.1996).

**AFFIRMED.**