FILED

NOV 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEMARA AKIL BUTLER, AKA Michael
Smith, AKA Brian Williams,

Defendant - Appellant.

No. 09-10067

D.C. No. 4:06-cr-00811-CKJ-HCE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 3, 2010[**]
Stanford, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.[***]

Jemara Akil Butler appeals his sentence of ninety-seven months

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

imprisonment for conspiracy to commit wire fraud and possession of fraudulent documents, producing false identification of documents, possessing five or more false identification documents, and wire fraud. "We review de novo the district court's interpretation of the Sentencing Guidelines, but review for abuse of discretion the district court's application of the Guidelines to the facts, and review factual findings for clear error." United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Butler takes issue with the district court's finding that the loss from his crimes exceeded $120,000, which resulted in a ten-level enhancement. Because Butler did not raise this objection below, we review only for plain error. United States v. Ross, 511 F.3d 1233, 1235 (9th Cir. 2008). Butler references his acquittal of four charges, yet only one of these counts involved a transaction that resulted in a loss. Although the district court's finding of a $127,978.01 loss included monies from this acquitted charge, any error here is not plain because evidence was presented at trial that supported this loss. See United States v. Mercado, 474 F.3d 654, 658 (9th Cir. 2007) (holding that "sentencing courts [can] consider conduct underlying acquitted criminal charges"). Furthermore, the amount of the loss from that acquitted charge was $4,200 which does not affect Butler's substantial rights

because, without this amount, the aggregate loss still exceeded $120,000. See

United States v. Jimenez, 258 F.3d 1120, 1124 (9th Cir. 2001) (providing that a

plain error must affect substantial rights).  Thus, it was not plain error for the

district court to increase Butler's adjusted offense level by ten pursuant to U.S.

Sentencing Guidelines Manual § 2B1.1(b)(1)(F).

Next, Butler contends that the district court's application of a two-level

enhancement for use of sophisticated means was in error because U.S. Sentencing

Guidelines Manual § 2B1.1(b)(9)(C) requires conduct that is more complex or

intricate than his conduct.  Evidence shows that Butler helped perpetrate a scheme

that falsely informed victims that they had won a foreign lottery, provided them

with fraudulent checks as a down payment on winnings, and asked them to deposit

the checks so that they could immediately wire a portion of it to a co-conspirator to

cover processing fees.  Although Butler merely received the money, he possessed

numerous fraudulent forms of Canadian identification with matching social

security numbers, personally transferred a majority of the money he received to

Canada, and traveled to Canada in furtherance of the scheme.  This conduct

qualifies as "complex or especially intricate,"  U.S. Sentencing Guidelines Manual

§ 2B1.1 cmt. n.8(B), and the district court, therefore, did not abuse its discretion

when it applied a two-level sophisticated means enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(9)(C).

Butler also claims that the district court's application of a two-level enhancement for obstruction of justice was improper because it was based entirely on evidence presented to the magistrate judge during a pretrial release revocation hearing. During the sentencing hearing, the district court listened to both the Government and Butler's counsel discuss his post-conviction threats to a witness via a social networking website before expressly adopting the Government's position. These facts, therefore, were properly before the district court. See United States v. Doe, 488 F.3d 1154, 1158 (9th Cir. 2007) (holding that Federal Rule of Criminal Procedure 32 is satisfied if a court "expressly adopts the position of either party to the dispute"). Furthermore, the district court's decision was not an abuse of discretion because post-conviction behavior can be an obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1. Cf. United States v. Thompson, 80 F.3d 368, 371 (9th Cir. 1996) (holding that district court did not err in granting obstruction of justice enhancement, and denying acceptance of responsibility reduction, where defendant absconded after entering a guilty plea but before sentencing).

Finally, Butler claims that his sentence is unreasonable because the district court failed to properly consider all of his 18 U.S.C. § 3553(a) factors. The district court allowed Butler to raise factors for consideration under 18 U.S.C. § 3553(a) before he was sentenced, and stated that it was "aware of [Butler's] personal history, and personal characteristics," including his "several children" and his "very difficult upbringing." ER Vol. I 66:22–67:3. The relevant factors, therefore, were considered. See United States v. Carty, 520 F.3d 984, 995–96 (9th Cir. 2008) (en banc) (holding that "the judge considered the relevant factors" even though it "did not affirmatively state" that it did). Accordingly, this sentence, which is at the low end of Butler's guidelines range, was reasonable. See Rita v. United States, 551 U.S. 338, 356 (2007).

**AFFIRMED**